FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

~~FILED~~
~~LOGGED~~    ENTERED
RECEIVED

MAY 1 8 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY                    DEPUTY

ERIC REYES #346816

Maryland Correctional Inst.

18601 Roxbury Road

Hagerstown, md  21746

(Full name, prison identification
number and address of the plaintiff)

v.

Civil Action No. WMN - 15 - 1433
(Leave blank on initial filing to be filled in by Court.)

Department of Corrections et Al.,

6776 Riesterstown Road

Baltimore, MD

21215

(Full name and address of the defendant(s))

JURY TRIAL DEMANDED

## COMPLAINT

I.    **Previous lawsuits**

A.    Have you filed other cases in state or federal court dealing with the same facts as
in this case or against the same defendants?

YES ☐      NO ☑

B.    If you answered YES, describe that case(s) in the spaces below.

1.    Parties to the other case(s):

Plaintiff: _____ N|A _____

Defendant(s): _____ N|A _____

2.  Court (if a federal court name the district; if a state court name the city or county): _N/A_

3.  Case No.: _N/A_

4.  Date filed: _N/A_

5.  Name of judge that handled the case: _N/A_

6.  Disposition (won, dismissed, still pending, on appeal): _N/A_

    _____

7.  Date of disposition: _N/A_

II.  Administrative proceedings

A.  If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

    YES ☑    NO ☐

    1.  If you answered YES:

        a.  What was the result? _Pending_

            _____

        b.  Did you appeal?

            YES ☐    NO ☑

    2.  If you answered NO to either of the questions above, explain why:

        _Pending outcome of ARP_

        _____

III.    **Statement of claim**
        (Briefly state the facts of your case. Include dates, times, and places. Describe what each
        defendant did or how he/she is involved. If you are making a number of related claims,
        number and explain each claim in a separate paragraph.)

12-6-2012, stabbed several times by inmates, sent to shock trauma (University Maryland) open heart surgery, 12-12-12, discharged to KERNAN ORTHOPEDICS and rehabilitation, 12-21-12 discharged to JCI prison hospital, only seen once in 12 days for physical therapy for 5 minutes, discharged to MCI-J, transport took my walking cain, P.A. moss refused to give it back after spending 1 day at MCI-J, transferred back to JCI, refused to give me cain back, refused to provide my pain meds for 5 day or provide physical Therapy, April 2013 transferred to MCI-H, no physical therapy provided or cain or nerve pain meds.

IV.    Relief
        (State briefly what you want the Court to do for you.)

Impose the treatment KERNAN Recomended, Provide pain medication for my nerve pain, seeking compen010ry, punitive and nominal Damages against Jessup Correctional institution and MCI-Hagerstown,

SIGNED THIS 13 day of, MAY     ,2015.

_Eve Reyes_
(original signature of plaintiff)

Maryland Correctional inst.
18601 Roxbury Road
Hagerstown MD 21746
(address of plaintiff)

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under colour of state law, of rights secured by the Constitution of the United states. This court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 USC Section 2201 and 2202. Plaintiff claims for injunctive relief pursuant are authorized by 28 USC section 2283 and 2284 and rule 65 of the Federal Rules of civil Procedure.

2. The district of Maryland 4th circuit is an appropriate venue under 28 USC Section 1391 (b)(2) because it is where the events giving rise to this claim occured.

## II PLAINTIFF

3. Plaintiff, Eric Reyes, was at all times mentioned herein a prisoner of the state of maryland in the custody of the Maryland Department of Corrections. He is currently confined in maryland correctional institution, in Hagerstown maryland.

# DEFENDANTS

Defendant John Doe - is A medical records supervisor for the state of Maryland Department of corrections. He is legally responsible for reviewing medical complaints for the department and each institution under its jurisdiction, including Jessup Correctional institution where plaintiff was housed, as well as the maryland Correctional Institution where plaintiff is currently housed in Hagerstown mD. He is sued in his individual and official capacity.

Defendant John Doe - is treatment supervisor for the state of maryland Department of Corrections. He is legally responsible for the overall treatment of inmates of the Department and each of the institutions under its jurisdiction, including Jessup Correctional Institution where plaintiff was housed and maryland Correctional institution - Hagerstown where plaintiff is currently housed. He is sued in his individual and official capacity.

Defendand John Wolfe, is the warden of Jessup Correctional institution. He is legally responsible for the operation of Jessup correctional institution and for the welfare of all the inmates in that institution. He is sued in his individual and official Capacity.

Defendant Richard Dovey is the warden of Maryland correctional Institution in Hagerstown MD. He is legally responsible for the operation of Maryland correctional Institution Hagerstown and for the Welfare of all inmates in that institution. He is sued in his individual and official capacity.

Defendant John Doe, is the Deputy superintendant of treatment for the State of maryland Department of Corrections. He is legally responsible For responding to prisoners medical Complaints and For the overall welfare of inmates under his jurisdiction, including Jessup Correctional institution where plaintiff was housed and maryland Correctional institution-Hagerstown MD. He is sued in his individual and official capacities.

2

Defendant "MOSS", is a physician assistent of the State of maryland Department of Corrections. He is legally responsible for answering sick call complaints and responding reasonably to such at Jessup Correctional Institution where plaintiff was housed. He is sued in his individual capacity.

Defendant "Richards", is a physician assistent of the State of maryland Department of Corrections. He is legally responsible for answering sick call complaints and responding reasonably to such at maryland Correctional Institution - Hagerstown MD, where Plaintiff is currently housed. He is sued in his individual capacity.

Defendant John Doe, #1 is a transport officer for the State of maryland Department of Corrections. He is legally responsible for the safe transport of inmates and thier overall saftey while under his care. He is sued in his individual capacity.

3

#2

Defendant John Doe, is a transport officer for the state of Maryland Department of Corrections. He is legally responsible for the safe transport of inmates and thier overall saftey while under his care. He is sued in his individual capacity.

Defendant, John Doe #1, is a correctional officer of the state of maryland Department of corrections, who at all times mentoned in this complaint held the rank of (tier office) gaurd and was assighned to Jessup Correctional Institution, is sued in his individual capacity

Defendant, John Doe #2, is a correctional officer of the state of maryland Department of Corrections, who at all times mentioned in this complaint held the rank of (tier officer) gaurd and was assighned to Jessup Correctional Institution, is sued in his individual capacity.

Defendants continued on next page....

AT all times mentioned in this complaint, Defendants acted under colour of state law.

4

Defendant John Doe, medical records supervisor for Jessup Correctional Institution, Doe is responsible for reviewing medical records of inmates, is sued in his individual capacity

Defendant John Doe, medical records supervisor for maryland Correctional institution - Hagerstown, is responsible for reviewing medical records, is sued in his individual capacity.

Defendant John Doe, is a physical therapist for the state of maryland Department of corrections - Jessup Correctional institution, Doe is responsible for making sure inmates recieve proper and adequate physical therapy under his care, He is sued in his individual capacity.

Defendants continued on next page ...

At all times relevant to events described herein, all defendants have acted under covlor of state law.

4-A

Defendant John Doe, Treatment supervisor for Jessup Correctional institution, state of maryland, Department of Corrections is legally responsible for the overall treatment of inmates at Jessup Correctional institution where plaintiff was housed. He is sued in his official and individual capacity.

Defendant John Doe, Treatment supervisor for maryland correctional institution, state of maryland, Department of Corrections is legally responsible for the treatement of inmates (overall) at maryland correctional institution - Hagerstown, where plaintiff is housed. He is sued in his individual and officail capacity.

Defendant, John Doe, physical therapist for the state of maryland Department of Corrections for maryland correctional institution - Hagerstown is legally responsible for making sure inmates recieve proper and adequate physical therapy under his care. Doe is sued in his individual and official capacity.

At All times relevant to events described herein, all defendents have acted under colour of state law.

4-B

# FACTUAL ALLEGATIONS

Substantial risk of serious harm to plaintiff at Maryland Correctional Institution - Hagerstown MD.

5. On December 6, 2012, Plaintiff was stabbed several times in the chest, Back and neck, puncturing his heart and his c5-c6 disks in his back leading to open heart surgery, spinal cord injury, Hemopericardium, Gait disturbance, incomplete Tetraplegic Spinal cord injury, neck pain, chest pain, muscle weakness, numbness or right side of body, decreased sensation throughought, symetical on right and left side, plural chest pain, right ventricular injury. EXHIBIT A-p1-20.

6. Plaintiff was discharged from Maryland shock trauma on December 12, 2012 to KERNAN ORTHOPEDICS and REHABILITATION for physical therapy. He was given a wheelchair Because he could not walk See EXHIBIT A p.3

S

7. Plaintiff was provided with sufficient physical therapy while at KERNAN. See EXHIBIT-A p. 3, 6, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20.

8. Plaintiff was put on LYRICA for neuropathic nerve pain see EXHIBIT A p. 7, Also Oxycodone for pain (p. 8)

9. Plaintiff was given a wheelchair while at KERNAN as well as a rolling walker and single point cane. See EXHIBIT A p. 3, 8, 11, 19, 20.

10. Plaintiff was discharged from KERNAN on December 21, 2012 to JCI - (Jessup Correctional Institution) prisons regional hospital for intensive physical therapy care as recommended By KERNAN. Plaintiff stayed at JCI and only saw a physical therapist once, for 5 (five) minutes, when it was obvious Plaintiff needed more physical therapy because he had a rolling walker and single point cain to help him walk as well as scars 1 foot long on his sternum as a result of the recent open heart surgery.

11. After plaintiff was discharged from JCI-regonal hospital, He was transferred back to MCI-J maryland correct-ional Institution-Jessup, where the stabbing occ-ured. This caused plaintiff great psycological trauma and fear for his life. Plaintiff was put on administrative segragation for 1 night, told to pack his bags, he would be transferring again.

12. When Plaintiff finished packing up, He asked the 2 officers if he could be handcuffed in the front because he had to use his cain. The officers refused, cuffed Plaintiff behind his back and put him in the escort van. Upon arriving Back at JCI, Plaintiff asked the transportation officers about his cain. They stated "Its in your property". Once placed back on administrative segragation (I) checked my property and the cain was gone. Plaintiff told both officers he just had surgery and needed his cain to walk.

13. Plaintiff immediatly filed a sick call and asked for his cane back because the one he had "dissappeared". Plaintiff was see by P.A. MOSS (physician Ass-istent) and he asked about his cain. P.A. MOSS sta-ted "Plaintiff was young, he could handle it, He didnt need a cain."

14. P.A. MOSS refused to give plaintiff back his cain, even though plaintiff explained to p.a. moss that he had trouble with his balance and that his right leg was very weak and it would sometimes give out on him.

15. JCI custody officers took "(my)" cain, the two transport officers and P.A. Moss refused to give it back when it was obvious plaintiff had a serious medical need given the facts surrounding Plain- tiffs situation. Plaintiff is still without a cain to this day and NO pysical therapy has ever been given to plaintiff, (except for the initial 5 minutes after discharge from KERNAN at JCI regional hospital.)

16 Plaintiff was placed on oxycodone for pain while at KERNAN, Yet JCI did not provide plaintiff with his pain medication for 5 dАys. Plaintiff made several Attempts to inform the tier offic- ers of his pain and he was ignored and ignored. AFter 5 dАys of Complaining of his pain, A SАrgent finally listened аnd Plaintiff then recieved his pain meds.

8

17. PA Richards seems unconcerned about looking into Plaintiffs ongoing serious medical needs. Upon Discharge from KERNAN, Plaintiff needed a walker, cain to assist with supine to sit. EXHIBIT-A p. 19 as well as a rolling walker and a single point cain EXHIBIT-A p. 19. Plaintiff was supposed to recieve outpaitent physical therapy 3 x's a week to increase strenghth; ROM; Fine MOTOR Coordination; Endurance training; Saftey education; Patient/caregiver education/training because upon discharge from KERNAN, Plaintiff had not met LTG and was demonstrating inconsistent performance on multiple tasks as well as his MMT was very inconsistent as well as his sensory level. Plaintiff was still stumbling but without falling thus showing the need For his rolling walker, wheelchair and single point cain which JCI custody transportation took away and P.A. moss refused to give it Back EXHIBIT A- p. 16 PA Richards stated to plaintiff "its not my job to review (provide) your records, you do it". PA Richards would not provide nerve pain medication even after plaintiff showed him his scars.

Plaintiff has recently filed 3 sick calls complaining of ongoing pain. On May 7, 2015, Nurse "Jess" said she would put plaintiff on the list to see P.A. Richards. no medication for nerve pain has been given. Plaintiff has also put in 3 request to review his medical records recently, yet MCI-H (medical records department) has not responded.

# LEGAL CLAIMS

**Paragraph:**

**# 12, 15** Upon information and belief, Both transportation officers, John Doe #1 and John Doe #2 had actual Knowledge of the substantial risk of serious harm to plaintiff ERIC REYES because the plaintiff had just gotten out of surgery. Plaintiff stated he needed his cain to help Him walk. Both officers refused to give plaintiff his cain back, handcuffed Plaintiff behind his back and stated "your cains in your property" when Plaintiff asked for it back. Thus Both defendants failed to take reasonable measures to abate the substantial risk of serious harm to plaintiff showing deliberate indifference to plaintiffs serious medical need, violating his right to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. constitution of the United States of America.

#10. Upon information and belief, defendant John Doe, physical therapist at Jessup Correctionals regional hospitals, failure to provide adequate treatment that resulted in plaintiffs prolonged suffering and extreme pain, unnecassary complications in the treatment of his injuries. The treatment was clearly a grossly inadequate response to plaintiffs serious medical need (condition). Thus the defendant is deliberatly indifferent to plaintiffs serious needs violating his 8th Amendment right to be free from cruel and unusual punishment to the united states of America constitution.

#13. Upon information and belief defendant P.A. MOSS, was
14. fully aware of plaintiffs need for his cain because
15. plaintiff put in a sick call requesting it back.
PA moss refused to give plaintiff back his cain causing injury to his Eighth Amendment right to the US constitution to be free from cruel and unusual punishment and is deliberatly indifferent to plaintiffs serious medical need showing a callous indifference, by what PA moss stated, to the plaintiffs obvious need for his cain to assist him in his walking thus resulting in plaintiffs prolonged

11.

suffering and extreme pain, unnecassary complications in the treatment of plaintiffs injuries.

**# 16** Upon information and belief defendant John Doe #1, and John Doe #2, both tier officers on duty at Jessup correctional institution, ignored plaint- iff pleas for help for medical assistance to relieve his surgical pain in his chest as they paid no attention to plaintiffs cries for help. This resulted in plaintiffs prolonged suffering and ext- reme pain, unnecassary complications in furthering the treatment of plaintiff and was also a clearly grossly inadequate response to plaintiffs serious medical needs. Defendants are deliberatly indif- ferent to plaintiffs serious medical need thus violating his Eighth amendment rights to the US constitution to be free from cruel and unu- sual punishment.

**# 16.** Upon information and belief, defendant, John Doe, Treatment supervisor for the state of maryland Department of Corrections, violated plaintiffs rights to the Eighth amendment to be free from cruel

12

and unusual punishment disregarding plaintiffs need
for obvious physical therapy and pain medication for
both nerve pain and surgical pain medication while
at Jessup correctional institution as well as at
maryland correctional institution- Hagerstown mo.
He is deliberatly indifferent to plaintiffs serious
medical need to relieve his surgical and nerve pain
(as he is overseer of All Prisons under his juris-
diction) thus resulting in plaintiffs prolonged suff-
ering and extreme pain, unnecassary complications
in furthering the physical ~~therapy~~ therapy thus
also a clearly grossly response to plaintiffs seri-
ous medical needs.

#17. Upon information and belief, P.A. "Richards" is deliber-
atly indifferent to plaintiffs serious medical needs
for failing to regard the obvious trauma to plai-
ntiff after plaintiff showed P.A. Richards his recent
1 foot long scar from open heart surgery as well
as showing P.A. Richards the scars on Plaintiffs
Back, P.A. Richards response to "provide "proof" more
or less (for the records) before he decides to
make a decision regarding plaintiffs obvious

13

need for physical therapy and nerve pain medication
shows deliberate indifference to plaintiffs serious
medical needs in violation of plaintiff rights
to the Eighth amendment to the US constitution
to be free from cruel and unusual punishment.

Upon information and belief, defendant John Doe, medical
records supervisor for the state of maryland Depart-
ment of corrections is deliberatly indifferent to
plaintiffs serious medical needs in failing to
thouroughly review plaintiffs medical records
to assure plaintiff of proper treatment thus
violating plaintiffs rights of the Eighth amend-
mend to the U.S. Constitution

Upon information and belief, defendant, John Doe
medical records supervisor for the state of mary-
land Department of Corrections for Jessup Correc-
tional Institution is deliberatly indifferent to
plaintiffs serious medical needs in failing to
thouroughly review plaintiffs medical records
to assure plaintiff of proper treatment, thus
violating plaintiffs rights to the U.S. Constitut-
ion for the Eighth Amendment to be free from

14

cruel and unusual punishment.

Upon information and belief John Doe, Deputy super-
intendant of treatment is deliberatly indifferent to
plaintiffs Eighth amendment rights to the U.S. Const-
itution to be free from cruel and unusual punishm-
ent, for he is responsible for the overall wellfare
of all inmates for the State of maryland depart-
ment of Corrections, including Jessup Correctional
institution as well as maryland correctional ins-
titution, for failing to use proper oversight in
relation to plaintiffs treatment and making sure
proper treatment was rendered effectivly.

Upon information and belief, Warden John Wolfe,
Jessup correctional institution, is deliberatly
indifferent to plaintiffs Eighth amendment right
to the U.S. constitution to be free from cruel
and unusual punishment for his Failure to make
sure plaintiff recieved adequate treatment for
his serious medical needs and also making
sure proper treatment was rendered.

Upon information and belief, warden Richard Dovey for maryland Correctional institution - Hagerstown is deliberatly indifferent to plaintiffs Eighth amendment right to the U.S. Constitution to be free from cruel and unusual punishment for his failure to make sure plaintiff recieved adequate treatment for his serious medical need and also making sure plaintiff recieved proper treatment.

Upon information and belief, the medical records department is refusing to provide plaintiff with his medical records at maryland correctional institution - Hagerstown because they know the contents will reveal deliberate indifference on part of several officials both at JCI and MCI-H to perform the recomendations by KERNAN ORTHOPEDICS. Thier ommission to act on this knowledge makes them responsible for plaintiffs failure to recieve treatment for his serious med-ical needs, thus violating his Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment,

16

Upon information and belief, defendant, John Doe, physical therapist at maryland correctional institution - Hagerstown, MD, failure to provide adequate treatment that resulted in plaintiffs prolonged suffering and extreme pain, unnecessary complications in the treatment of his injuries. The treatment was grossly inadequate response to plaintiffs serious medical condition. Thus Defendant Doe is deliberatly indifferent to plaintiffs serious medical needs violating his 8th Amendment right to the U.S. Constitution to be free from cruel and unusual punishment.

Upon information and belief, John Doe, treatment supervisor for Jessup Correctional instution for the state of maryland, Department of Corrections, violated plaintiffs rights under the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment disregarding plaintiffs need for obvious physical therapy and pain medication for both nerve pain and surgical pain medication while at Jessup Correctional institution. John Doe is deliberatly indifferent to plaintiffs serious

17

medical needs thus resulting in plaintiffs prolonged
suffering and extreme pain, unnecessary complicati-
ons in furthering his physical therapy, a clearly gr-
oss inadequate response to plaintiffs serious med-
ical needs.

Upon information and belief, John Doe, physical
therapist for the state of maryland Department of
Corrections for maryland department of corrections
violated plaintiffs rights to the Eighth amendment
of the U.S. Constitution to be free from cruel
and unusual punishment disregarding plaintiffs
need for obvious physical therapy and nerve pain
medication while at maryland correctional institu-
tion-Hagerstown. Doe is deliberatly indifferent to
plaintiffs serious medical needs to relieve his
nerve pain and resulting in plaintiffs prolonged suff-
ering and extreme pain, unnecassary complications
in furthering the physical therapy, a clearly
gross inadequate response to plaintiffs serious
medical needs.

- Plaintiff will submit his grievance(s) after recieving
civil action # from this court.

18

The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably harmed (injured) by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgement grantiff plaintiff:

A declaration that the acts and ommissions described herein violated plaintiffs rights to the U.S. constitution and laws of the United States.

A preliminary and permanote injunction ordering defendants: ☒ John Doe, medical records supervisor for maryland correctional institution to provide plaintiff with All medical records dating back to December 6, 2012 to present dAy; John Doe, treatment supervisor for maryland correctional institution- Hagerstown, to follow the

19

recommendations from KERNAN ORTHOPEDICS
and REHABILITATION ; WARDEN Richard Dovey
of maryland Correctional institution - Hagerstown
to make sure the recommendations from KERNAN
are Followed through ; P. A. Richards immediatly
review all serious medical complaints in regards
to recieving the proper medication and treatment
as well as review All medical records once a
complaint arises that gives serious pause to cons-
ider the inmates complaints ; John Doe, physical
therapist for maryland Correctional institution -
Hagerstown Follow the recommendations by
KERNAN ORTHOPEDICS.

Compensatory damages in the amount of $25,000
dollars against each defendant, jointly and severally
(total $450,000 dollars)
Punitive damages in the amount of $25,000 against
each defendant jointly and severally. (total $450,000.00
dollars)
A jury trial on all issues triable by jury

Plaintiff seeks nominal damages against each defendant.
jointly and severally.

20

Plaintiffs costs in this suit, (thier costs) and

any additional relief this court deems just,

proper, and equitable.

Dated MAY 13, 2015

Respectfully submitted
ERIC REYES #346816
Maryland Correctional institution
18601 Roxbury Road
Hagerstown MD  21746

## VERIFICATION

I have read the foregoing complaint and hereby
verify that the matters alleged are true, except
as to matters alleged on information and belief,
and, as to those, I Believe them to be true, I
certify under penalty of perjury that the forg-
oing is true and correct.

Executed at Washington County MD on May
13, 2015

Eric Reyes
ERIC REYES

21